Joseph C. **MYERS**, Appellee,

v.

**JOHN DEERE LIMITED**, a Canadian Corporation, Appellant.

No. 81–1982.

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1982.

Decided July 23, 1982.

---

Richard J. Nygaard, David J. Moskal, Rider, Bennett, Egan & Arundel, Minneapolis, Minn., for appellant.

Richard G. Hunegs, Peter C. Mayrand, Michael L. Weiner, DeParcq, Anderson, Perl, Hunegs & Rudquist, P. A., Minneapolis, Minn., for appellee.

Before ROSS, ARNOLD and JOHN R. GIBSON, Circuit Judges.

ARNOLD, Circuit Judge.

Defendant John Deere Limited (JDL) appeals from a judgment entered by the District Court[1] on a jury verdict in favor of plaintiff Joseph C. Myers in the amount of $166,000. The sum was awarded in a diversity action brought by Myers against several defendants, including JDL, whose combined negligence was said to have caused plaintiff to sustain serious personal injuries. JDL does not question the propriety of the jury verdict as such, but otherwise argues for reversal because (1) the District Court lacked personal jurisdiction over JDL, and (2) the plaintiff's service of process was improper and should have been quashed. We reject the arguments for the reasons set out below and affirm the judgment of the District Court.

I.

The facts relative to Myers's injury are simple and not in dispute. JDL loaded wooden pallets on a freight train in Canada that were to be shipped to Dubuque, Iowa. Along the route it was necessary to stop the train for an inspection at the international boundary near Portal, North Dakota. As Myers, a customs inspector, opened the door of the box car containing the pallets, they fell on him and injured him seriously. This suit, filed in the District Court for the District of North Dakota, followed.

The case was tried to a jury in Minot, North Dakota, commencing on July 20, 1981. After plaintiff rested his case, the District Court directed verdicts in favor of all defendants except JDL. JDL moved for dismissal, claiming a lack of personal jurisdiction over JDL and improper service of process. The motion was denied, and the jury returned a verdict in favor of the plaintiff. This appeal followed.

II.

JDL first argues that the District Court lacked personal jurisdiction because JDL had insufficient minimum contacts with the forum state. It claims that it does not transact any business in North Dakota, that it has no agents in North Dakota, and that it owns no property in North Dakota. The only admitted contact with the state is that the wooden pallets loaded on a freight train passed through North Dakota en route to Dubuque. JDL finds it a "total mystery" how the trial court found *in personam* jurisdiction in light of the plaintiff's alleged failure to prove any jurisdictional facts. Appellant's Br. at p. 7.

We are not so mystified. The situation presented—defendant's negligence outside the state causing an injury to a person inside the state—seems to us to be specifically covered by provisions of the North Dakota long-arm rule, N.D.R.Civ.P. 4(b), under which service may be made in federal actions, Fed.R.Civ.P. 4(d)(7). The statute provides in part:

\*   \*   \*   \*   \*   \*

(2) *Personal jurisdiction based upon contacts.* A court of this state may exercise personal jurisdiction over a person who acts directly or by an agent as to any claim for relief arising from the person's having such contact with this state that the exercise of personal jurisdiction over him does not offend against traditional notions of justice or

1. The Hon. Bruce M. Van Sickle, United States District Judge for the District of North Dakota.

fair play or the due process of law, under one or more of the following circumstances:

\*  \*  \*  \*  \*  \*

(C) committing a tort within or without this state causing injury to another person or property within this state;

\*  \*  \*  \*  \*  \*

(3) *Limitation on jurisdiction based upon contacts.* If jurisdiction over a person is based solely upon paragraph (2) of this subdivision, only a claim for relief arising from bases enumerated therein may be asserted against him.

■ There is no question that the situation here presented comports with the statutory standard, unless JDL's contacts with North Dakota are so slight that the exercise of jurisdiction would "offend against traditional notions of justice or fair play." The question, in other words, is whether JDL had enough contact with the state to justify the assertion of jurisdiction under the usual due-process standards. In support of its position JDL relies on *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). In that case an Oklahoma state court found jurisdiction based on "the fortuitous circumstance that a single Audi automobile, sold in New York to New York residents, happened to suffer an accident while passing through Oklahoma." *Id.* at 295, 100 S.Ct. at 566. The Supreme Court reversed, finding insufficient "affiliating circumstances that are a necessary predicate to any exercise of state court jurisdiction" consistent with the requirements of the Due Process Clause. *Ibid.* The Court reasoned, in part, that though it was

> foreseeable that the purchasers of automobiles sold by World-Wide ... may take them to Oklahoma[,] ... the mere "unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state."

*Id.* at 298, 100 S.Ct. at 567, quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958).

■ JDL's reliance on *Woodson* is misplaced, because its contacts with North Dakota are both quantitatively and qualitatively different from the merely isolated, "fortuitous" circumstance presented by *Woodson.* A Mr. Walbaum, an employee of JDL, testified that JDL made up to 12 shipments a year of pallets into the United States and that JDL knew such shipments would go through North Dakota. Nor were JDL's contacts with the forum state the product of some "unilateral activity" on the part of someone else. The presence of the JDL pallets in North Dakota was the result of JDL's affirmative acts to effect delivery of the pallets to Dubuque. And unlike the nonresident defendant in *Woodson*, JDL had the ability to avoid contact with the forum state, see *Plant Food Co-op v. Wolfkill Feed & Fertilizer Corp.*, 633 F.2d 155, 159 (9th Cir. 1980), by making other arrangements for the shipment of property. We are satisfied that JDL had sufficient contacts with North Dakota to make it fair and just to require it to appear and defend the action. The Due Process Clause requires no more. *Woodson, supra*, 444 U.S. at 291–92, 100 S.Ct. at 564–65.

JDL last argues that service of process was improper and that therefore the District Court erred in refusing to grant defendant's motion to quash the summons and complaint. This argument has two parts, neither of which merits extended discussion.

■ First, service of process on JDL is said to have been defective because plaintiff served JDL by registered mail with a copy of the complaint, but without a copy of the summons, as required by Fed.R. Civ.P. 4(d). (The summons was sent to the Secretary of State of North Dakota, but JDL claims, apparently correctly, that that procedure was technically improper.) Even if service was improper, the defect was cured on December 9, 1980, when plaintiff again served JDL by registered mail with a copy of the complaint *and* the summons.

■ Second, JDL argues that the statute of limitations had run on plaintiff's claim because the filing of the complaint with the

Clerk of the Court does not toll the statute.[2] Myers does not concede that the suit was "commenced" after the six-year period had run. He alternatively contends, however, that even if the suit was commenced after the six-year period had run, under North Dakota law the statute of limitations is tolled any time the defendant is absent from the state. And because JDL has never been physically present within the state, the statute of limitations remains tolled to this very day.[3] The issue presented is one which we need not reach, for we conclude that JDL waived the defense of limitations by its failure to raise it in its responsive pleadings in compliance with Fed.R.Civ.P. 8(c). *Mumbower v. Callicott*, 526 F.2d 1183, 1187 n.5 (8th Cir. 1975). Thus JDL cannot be heard to raise the issue here.

Accordingly the judgment of the District Court is affirmed.

2. The injury occurred on September 13, 1972. The relevant statute of limitations is six years. 5A N.D.Cent.Code § 28-01-16 (Supp.1979). The complaint was filed September 8, 1978, and the complaint was mailed to defendant on September 12, 1978.

3. JDL replies that if it is "present" for purposes of *in personam* jurisdiction it must also be "present" for purposes of the running of the statute of limitations, and that it is irrational for a state to treat a defendant as present for jurisdictional purposes but to treat it as absent for purposes of tolling or suspending the running of limitations. This argument was rejected by the Supreme Court in *G. D. Searle & Co. v. Cohn,* — U.S. —, 102 S.Ct. 1137, 71 L.Ed.2d 250 (1982), in which the Court upheld a similar New Jersey statute that was attacked as violative of Equal Protection and Due Process. The case was remanded to the trial court to address the issue whether the tolling provision is violative of the Commerce Clause.