Dominic P. RAFFAELE, Appellant,

v.

COMPAGNIE GENERALE MARITIME,
S.A. Paris, and Unikai Hafenbetrieb,
Gmbh, Appellees.

No. 81–3637.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 1982.

Decided May 31, 1983.

Raymond J. Conboy, Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland, Or., for appellant.

Randee G. Fenner, Miller, Nash, Yerke, Wiener & Hager, Portland, Or., for appellees.

Before GOODWIN, PREGERSON, and CANBY, Circuit Judges.

GOODWIN, Circuit Judge.

Dominic Raffaele, a longshoreman, appeals the dismissal for want of personal

jurisdiction of his action for damages. Raffaele seeks to recover for injuries he suffered when a crate fell on him inside a container that he was unloading in Portland, Oregon.

Unikai Hafenbetrieb (Unikai), a German corporation, is a terminal operator in Hamburg, Germany, whose operations included the packing ("stuffing") of the container unloaded by Raffaele.[1] Raffaele contends that his injuries were the proximate result of Unikai's negligence in propping a crate inside the container with a piece of dunnage. For purposes of this appeal, we assume that Raffaele's evidence, had he been allowed to present it, would have been sufficient to send the case to the jury on the question of Unikai's negligence. The only issue on this appeal is whether Unikai—which has no offices in the United States and solicits no business here—had the constitutionally required "minimum contacts" with the State of Oregon for the district court to exercise personal jurisdiction.

This court uses a two-step test in determining whether a state has personal jurisdiction. We first apply the forum state's long-arm statute and then consider whether application of that statute is consistent with federal due process. *Taubler v.*

*Giraud,* 655 F.2d 991, 993 (9th Cir.1981). Oregon's long-arm statute, Rule 4, Oregon Rules of Civil Procedure,[2] has been interpreted to confer jurisdiction "to the outer limits" of due process. *State ex rel. Hydraulic Servocontrols v. Dale,* 294 Or. 381, 657 P.2d 211 (1982); *State ex rel. Michelin v. Wells,* 294 Or. 296, 657 P.2d 207 (1982).[3] Thus, we may proceed directly to determine whether application of the statute is consistent with due process.

Personal jurisdiction over Unikai meets the requirements of due process only if Unikai had certain "minimum contacts" with Oregon "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Internat. Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940)); *accord, Data Disc, Inc. v. Systems Tech. Assoc., Inc.,* 557 F.2d 1280, 1287 (9th Cir.1977). Unikai's contacts with Oregon are not so significant as to justify jurisdiction over it for all actions. *See Perkins v. Benguet Mining Co.,* 342 U.S. 437, 445–48, 72 S.Ct. 413, 418–419, 96 L.Ed. 485 (1952). We must decide whether it is fair to assert jurisdiction over Unikai for the limited purpose of this action.

---

1. Compagnie Generale Maritime, S.A., the owner of the vessel from which Raffaele's employer was unloading cargo, was dismissed as a defendant and is not involved in this appeal.

2. Or.R.Civ.P. 4 provides in part:

   "*Personal jurisdiction.* A court of this state having jurisdiction of the subject matter has jurisdiction over a party served in an action ... under any of the following circumstances:

   .    .    .    .    .

   "D. *Local injuries; foreign act.* In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury, either:

   .    .    .    .    .

   "D.(2) Products, materials, or things distributed, processed, serviced, or manufactured by the defendant were used or consumed within this state in the ordinary course of trade.

   .    .    .    .    .

   "L. *Other actions.* Notwithstanding a failure to satisfy the requirement of sections B. through K. of this rule, in any action where prosecution of the action against a defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States."

3. In *Hydraulic Servocontrols,* the Oregon Supreme Court held that, by placing an allegedly defective airplane engine part into the stream of American commerce so that it reached Oregon, Hydraulic had sufficient contacts with Oregon to satisfy both Or.R.Civ.P. 4 and constitutional due process. Hydraulic had no offices *and sold no products in Oregon.*

   In *Michelin,* the same court found insufficient evidence of a substantively relevant forum-related contact where there was no evidence of place of purchase, use, accident, or injury in the record. The fact that Michelin tires other than the defective tire happened to be sold in Oregon was not enough to support an Oregon court's exercise of jurisdiction over the manufacturer.

This court applies three criteria in determining whether the due process requirements for exercising limited jurisdiction are met: (1) the nonresident defendant must perform some act by which he purposefully avails himself of the benefits and protections of the forum's laws; (2) the plaintiff's claim must arise out of or result from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Data Disc,* 557 F.2d at 1287.

Unikai relies on *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), to support its contention that its activities in Oregon do not satisfy the first criterion. The Supreme Court held in *World-Wide Volkswagen* that the mere likelihood that a product would find its way into the forum state is not enough to satisfy due process. The Court stated that the defendant's connection with the forum must be "such that he should reasonably anticipate being haled into court there." *Id.* at 297, 100 S.Ct. at 567. The Court found it to be a "fortuitous circumstance" that an automobile sold in New York to a New York resident happened to be involved in an accident while passing through Oklahoma. *Id.* at 295, 100 S.Ct. at 566. Accordingly, the Court held that the New York automobile dealer and regional distributor could not reasonably have anticipated being haled into an Oklahoma court. The Court distinguished the situation in which a defendant directly or indirectly serves a forum's market or delivers its products into the stream of commerce with the expectation that they will reach the forum state. In such case, the forum's court may assert personal jurisdiction. *Id.* at 297–98, 100 S.Ct. at 567.

Although *World-Wide Volkswagen* "cut short any trend toward unlimited personal jurisdiction and emphasized that an isolated and unanticipated injury within the foreign state is not sufficient to support *in personam* jurisdiction," *Taubler v. Giraud,* 655 F.2d at 993, jurisdiction has been found where "under the totality of the circumstances the defendant could reasonably anticipate being called upon to present a defense in a distant forum." *Id.* at 993. For example, in *Myers v. John Deere Ltd.,* 683 F.2d 270 (8th Cir.1982), the Eighth Circuit upheld the exercise of jurisdiction over a nonresident defendant whose contacts with the forum state were very similar to those of Unikai in the instant case. The defendant in *Myers* loaded wooden pallets on a freight train in Canada for shipment to Iowa. En route to Iowa, the train stopped at an inspection station in North Dakota, near the international border. Plaintiff, a customs inspector, was injured when he opened the door of the box car containing the pallets and they fell on him. The defendant did not transact any business in North Dakota, had no agents in North Dakota, and owned no property in North Dakota. The court distinguished *World-Wide Volkswagen* because the defendant made twelve shipments a year to the United States and knew that the shipments passed through North Dakota.

Similarly, Unikai's contacts with Oregon distinguish it from those of the defendant in *World-Wide Volkswagen* because Unikai purposefully availed itself of the benefits and protections of Oregon's laws. While even one purposeful act with effects in the forum state may be sufficient to support jurisdiction, *e.g., Plant Food Co-op v. Wolfkill Feed & Fertilizer,* 633 F.2d 155 (9th Cir.1980), Unikai did more. Between 1976 and 1978, Unikai stuffed ninety-four containers destined for Oregon. In addition, the particular crate that injured Raffaele was marked "VIA PORTLAND," and the contract between Unikai and the carrier committed Unikai to submit to the jurisdiction of courts in which the carrier might bring a recourse action against Unikai, as occurred in the Oregon court here. Unikai thus had reason to anticipate that it might be sued in Oregon. *See World-Wide Volkswagen,* 444 U.S. at 297, 100 S.Ct. at 567.[4]

---

4. While it is not necessary to decide in this case whether we, in an appropriate case, would follow *DeJames v. Magnificence Carriers, Inc.,* 654 F.2d 280 (3d Cir.), *cert. denied,* 454 U.S.

The second criterion—that the plaintiff's claim must arise out of defendant's forum-related activities—is indisputably met. Unikai's stuffing of a container for shipment to Oregon was a "forum-related activity" from which Raffaele's claim resulted. *See Data Disc,* 557 F.2d 1287, and *Plant Food Co-op,* 633 F.2d at 159.

The third criterion—that the exercise of jurisdiction must be reasonable—was also met in this case. Traditional notions of substantial justice and fairness are limiting factors in the exercise of jurisdiction. *International Shoe,* 326 U.S. at 316, 66 S.Ct. at 158. Subject to these limits, an injured plaintiff has a right to enforce obligations imposed by law against the party who has injured him. *Id.* at 320, 66 S.Ct. at 160. We live in a world of interdependent nations with an increasingly international economy. As technological progress has increased the flow of commerce between states, the need for jurisdiction over nonresidents has undergone a similar increase. *Hanson v. Denckla,* 357 U.S. 235, 251, 78 S.Ct. 1228, 1238, 2 L.Ed.2d 1283 (1958). In *Rocke v. Canadian Auto. Sport Club,* 660 F.2d 395 (9th Cir.1981), we noted seven factors that may be pertinent to the reasonableness of personal jurisdiction:

> "(A) the extent of the defendant's purposeful interjection into the forum state; (B) the burden of defending in the forum state; (C) the extent of the conflict with the sovereignty of the defendant's state; (D) the forum state's interest in adjudicating the dispute; (E) the most efficient judicial resolution of the controversy; (F) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (G) the existence of an alternative forum." 660 F.2d at 399 (*citing Ins. Co. of North America v. Marina Salina Cruz,* 649 F.2d 1266, 1270 (9th Cir. 1981)).

Analyzing each factor as it applies to Unikai, we conclude that the exercise of jurisdiction over it is reasonable:

A. Purposeful Interjection: Unikai's interjection of the products of its services into Oregon was extensive. It stuffed containers knowing that many were destined for Oregon.

B. Burden of Defending in Oregon: Progress in communication and transportation has reduced many of the historic burdens of defending litigation in a foreign tribunal. *Hanson v. Denckla,* 357 U.S. 235, 251, 78 S.Ct. 1228, 1238, 2 L.Ed.2d 1283 (1958). Although the defendant must receive due process, concern for the burden on the defendant, while a primary one, is not one-sided. The burden on the defendant should be considered in light of the burden on the plaintiff. *World-Wide Volkswagen,* 444 U.S. at 292, 100 S.Ct. at 564. Relative to their respective resources, Raffaele's burden in suing Unikai in Germany would be much greater than Unikai's in defending an action in Oregon. The burden on Unikai is reasonable.

C. Conflict with Sovereignty of Defendant's State:

■ Normally a court should refrain from exercising jurisdiction when another state has expressed a substantially stronger sovereignty interest and that state's courts will take jurisdiction. *See Timberlane Lbr. Co. v. Bank of America, N.T. & S.A.,* 549 F.2d 597, 614 (9th Cir.1976). "Where the defendant is a resident of a foreign nation rather than a resident of another state within our federal system, the sovereignty barrier is 'higher.'" *Rocke,* 660 F.2d at 399. The Federal Republic of Germany has expressed no sovereign interest in this case. Unikai cites no other foreign policy or political consideration that would prevent the Oregon district court from exercising jurisdiction.

■ D. Interest of Forum State: Oregon has strong interests in protecting its residents from injury and in furnishing a forum where their injuries may be remedied. *See Data Disc,* 557 F.2d at 1288.

1085, 102 S.Ct. 642, 70 L.Ed.2d 620 (1981), we note that the *DeJames* dissent by Judge Gibbons makes a compelling argument that it was foreseeable that a ship converted by a Japanese company from a bulk carrier to an automobile carrier would dock in a New Jersey port. *Id.* at 290–93.

**E. Most Efficient Judicial Resolution:**

A court sitting in the district where the injury occurred and where witnesses are located ordinarily will be the most efficient forum. The court most competent to interpret the applicable law should normally try the case. *See Marina Salina Cruz,* 649 F.2d at 1273. The injury occurred in Oregon, the witnesses to the accident live in Oregon, Raffaele's expert witnesses who would testify to the nature and extent of his injuries reside in Oregon, and Oregon law would apply. Therefore, from the standpoint of discovery and trial, the most efficient resolution of the controversy favors judicial proceedings in Oregon.

**F. Convenient and Effective Relief for Plaintiff:**

Oregon courts provide Raffaele with the most convenient forum for seeking relief. An individual like Raffaele is much less able to seek practical relief in foreign courts than are large corporations. Individual claimants "would be at a severe disadvantage if they were forced to follow the . . . company to a distant State in order to hold it legally accountable. When claims were small or moderate individual claimants frequently could not afford the cost of bringing an action in a foreign forum—thus in effect making the company judgment proof." *McGee v. International Life Ins. Co.,* 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957). Access to an Oregon court is important to Raffaele's chances for relief.

In addition, a court's decision must be enforceable for the plaintiff to receive effective relief. *See Marina Salina Cruz,* 649 F.2d at 1273. In this case an Oregon court's judgment could be enforced.

**G. Availability of an Alternative Forum:**

Germany's courts might be an alternative forum, but due to travel and other expenses for Raffaele and most of the witnesses, they are probably not practically available in this case. Even if they were, the balance of equities strongly favors the reasonableness of the choice of an Oregon forum.

We hold, therefore, that the exercise of jurisdiction over Unikai by the federal court in Oregon was constitutionally permissible. The district court's order is vacated, and the case is remanded for trial on the merits.