John L. FALEN and Sharon L. Falen, individually and doing business as John L. Falen Livestock, et al., Plaintiffs,

v.

CERVI LIVESTOCK COMPANY, a Colorado corporation, et al., Defendants.

CERVI LIVESTOCK COMPANY, a Colorado corporation, Third-Party Plaintiff,

v.

C.E. DIXON, Bill J. Machart, John H. Collins and Rob Fischer, dba Farmers Commission Company, Third-Party Defendant.

No. CV–R–81–138–ECR.

United States District Court, D. Nevada.

Feb. 2, 1984.

Keith L. Lee, Reno, Nev., for plaintiffs.

Gordon H. DePaoli, Suellen E. Fulstone, Woodburn, Wedge, Blakey & Jeppson, Reno, Nev., for Cervi Livestock Co.

Eugene J. Wait, Jr., Reno, Nev., for third-party defendant C.E. Dixon.

Gordon M. Cowan, Reno, Nev., for third-party defendant Machart.

Allison, Brunetti, MacKenzie, Hartman, Soumbeniotis & Russell by George V. Allison, Carson City, Nev., for third-party defendant America Stockyards Corp., dba Mid America Stockyards Corp.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

Third-Party Defendant BILL J. MACHART has moved pursuant to Fed.R.Civ.P. 12(b) for an order dismissing Cervi Livestock Company's (Cervi) amended third-party complaint against him and quashing the service of summons made on him. His grounds are that he has not committed any of the acts specified in Nevada's long-arm statute and that the claims for relief did not arise from any act by him occurring within Nevada.

The First Amended Third-Party Complaint alleges that Machart is a veterinarian in Kansas who tested certain cattle for brucellosis and certified them to be free of the disease. Also, he purportedly certified that the cattle were pregnant. Cervi has been sued by the plaintiffs, who allegedly purchased the cattle, because some of the animals were not brucellosis-free and some were not pregnant. Said third-party complaint declares that Machart knew, or reasonably should have known, that the cattle were destined for Nevada. Cervi prays for judgment against Machart in an amount equal to any liability of Cervi found to be owing to the plaintiffs.

The affidavits and exhibits that are part of the record herein indicate that Machart withdrew samples of blood from the cattle and sent the samples to a laboratory in Topeka, Kansas for brucellosis testing. The test reports were all negative. Having been advised the cattle would be shipped to Colorado, Machart contacted the Colorado state veterinarian and obtained permit numbers to cover shipment of the cattle into that State. He then certified the cattle to be brucellosis-free. The certificates declared that the cattle's destination was Sterling, Colorado.

The cattle were trucked into Colorado. There, they were unloaded, put through a scabies dip, and then reloaded. Based upon Machart's earlier certification, a Colorado veterinarian recertified the cattle to be free of brucellosis and they were trucked on to the plaintiffs in Nevada.

■ The case of *Data Disc, Inc. v. Systems Tech. Assoc., Inc.,* 557 F.2d 1280 (9th Cir.1977) is instructive as to the procedure to be followed in deciding the instant motion. Where the court relies only on affidavits and discovery materials, the plaintiff (Cervi, in this instance) must make only a prima facie showing of jurisdictional facts through the submitted materials in order to withstand the motion to dismiss. In other words, the materials need only demonstrate facts which support a finding of jurisdiction. This rather limited procedure suffices where issues of credibility or questions of fact with regard to jurisdiction do not arise from the submitted materials. Such is the case here.

Cervi argues that Machart clearly understood that the cattle were to be shipped interstate. Also, it is urged, Machart reasonably could have expected another veterinarian in Colorado to recertify the cattle as brucellosis-free without further testing, and then the animals would be transshipped to another state, such as Nevada.

■ In determining whether in personam jurisdiction exists, the applicability of the state's long-arm statute is first determined. *Taubler v. Giraud,* 655 F.2d 991, 993 (9th Cir.1981). Nevada's statute is found at NRS 14.065. It enumerates certain acts which are deemed to confer jurisdiction in the State's courts over the actor as to causes of action arising therefrom. These include "[t]ransacting any business ... within this state" and "[c]ommitting a tortious act within this state." Machart's

affidavit declares that he never has transacted any business in Nevada and that he never has performed services for cattle he knew were destined for Nevada. These contentions have not been controverted. The amended third-party complaint alleges that Machart was negligent in performing brucellosis and pregnancy tests and that he fraudulently misrepresented the cattle to be brucellosis-free and pregnant. These claims for relief sound in tort. Since the impact of any tortious act by Machart was experienced by the plaintiffs in Nevada, theoretically the State's long-arm statute may be applicable to him.

In such cases, the second step in determining the motion to dismiss is to ascertain whether the application of the statute to the moving party would be consistent with due process. *Taubler v. Giraud, supra* at 993. A three-part test is utilized: (1) The nonresident must have done some act by which he purposefully availed himself of the privilege of conducting activities in the forum, thereby invoking the benefits of its laws; (2) the claim must have arisen out of those forum-related activities, and (3) the exercise of jurisdiction must be reasonable. *Ibid; Hedrick v. Daiko Shoji Co., Ltd., Osaka,* 715 F.2d 1355, 1358 (9th Cir.1983).

If Machart had participated in the interstate shipment of the cattle with the expectation that they were going to Nevada, this Court could assert jurisdiction. *See Ibid.; Plant Food Co-Op v. Wolfkill Feed & Fertilizer,* 633 F.2d 155, 159 (9th Cir.1980); *Raffaele v. Compagnie Generale Maritime,* 707 F.2d 395, 397 (9th Cir. 1983). Even one purposeful act with effects in the forum state may be sufficient to support jurisdiction. *Ibid.* For example, if Machart had purposefully participated in the shipment of the cattle to Nevada and they turned out to have brucellosis, he could reasonably have anticipated being called upon to defend himself in a Nevada court. *See Taubler v. Giraud, supra* at 993. *Taubler* emphasizes, however, that an isolated unanticipated injury within the forum will not support in personam jurisdiction. *Ibid.* Since Machart did not expect the cattle to be transported to Nevada

under his certification, it would not be reasonable to require him to defend himself in a court within the State. *See Raffaele* at 397; *Hedrick* at 1358; *Taubler* at 993; *Plant Food Co-Op* at 159; *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). He did not purposefully avail himself of the privilege of conducting activities within Nevada. *Ibid.* Machart did not have such minimal contacts with the State that the exercise of in personam jurisdiction over him would comport with the requirements of due process.

IT IS, THEREFORE, HEREBY ORDERED that the motion of Third-Party Defendant BILL J. MACHART for an order dismissing Cervi Livestock Company's amended third-party complaint against him be, and the same hereby is, GRANTED.