Barbara BOYCHEK and Roger Boychek, as parents and natural guardians of Serina Boychek, an infant child, and Barbara Boychek and Roger Boychek, individually, Plaintiffs,

v.

CONNAUGHT LABORATORIES, INC. a Delaware corporation, Connaught Laboratories, Ltd. a Canadian corporation, Defendants.

Civ. A. No. 87–308.

United States District Court,
W.D. Pennsylvania.

Nov. 4, 1987.

David J. Patterson, Meyer Darragh Buckler Bebenek & Eck, William S. Schweers, Pittsburgh, Pa., Gary L. Shockey, Jackson, Wyo., for plaintiffs.

James P. McKenna, Jr., Dickie McCamey & Chilcote, Pittsburgh, Pa., Fried, Frank, Harris, Shriver & Jacobson, New York City, for defendants.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiffs filed this suit alleging injury to the infant-plaintiff from the pertussis component of the DPT vaccine. Plaintiffs sued four interrelated companies: Canada Development Corporation, the parent company; CDC Life Sciences, a wholly owned subsidiary of the parent, Connaught Laboratories, Ltd., (hereinafter LTD), a Canadian corporation wholly owned by CDC Life Sciences; and Connaught Laboratories, Inc. (Hereinafter INC), an American corporation wholly or partly owned by its Canadian sister, LTD.

INC filed an Answer to plaintiffs' complaint, but the three Canadian corporations filed a motion to dismiss challenging personal jurisdiction. The early stages of this case have been given over to frenzied discovery concerning the interrelationship of these corporate entities to determine which are properly subject to suit.

Plaintiffs have since voluntarily dismissed their claims against Canada Development Corporation and CDC Life Sciences, Inc., without prejudice, with the consent of defense counsel and approval of the court. Now the mass of deposition testimony and exhibits which have come to rest on the court's desk must be sifted for that portion which addresses the relation between LTD, INC and the forum. Because considerable evidentiary material has been submitted we will treat defendants' motion as one for summary judgment.

■ Plaintiffs assert personal jurisdiction over LTD on various grounds. Some aspects do not impress us—those activities by LTD in Pennsylvania to create INC are no more than those necessary to create a corporate subsidiary, and that alone will not subject defendant to jurisdiction. We agree with LTD that it would be paradoxical if the very acts which create the corporate veil could be used to tear it down.

■ Also, plaintiffs' allegations that LTD conducts considerable business in the United States, including Pennsylvania, are not persuasive. First of all, this business is clearly unrelated to the present cause of action, it being the sale of other drugs and products. Secondly, there is no evidence of the volume, or the extent of it involving Pennsylvania. It is further complicated by the fact that distribution was apparently carried out by a third party and not the defendant LTD. General jurisdiction, based on conduct unrelated to the cause of action, requires a considerably greater degree of contacts, both quantitatively and qualitatively. *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). On the present record we conclude that plaintiffs have failed to establish general jurisdiction.

■ However, plaintiffs do allege and support with evidentiary material the fact that LTD had some involvement or responsibility for testing INC's vaccines. The inadequacy or absence of clinical testing is one of plaintiffs' theories of liability. There is also some indication of an interrelationship between LTD and INC in research and development. Therefore LTD had a direct relation in Pennsylvania to a particular aspect of the vaccine production which forms at least part of plaintiffs' claim, and LTD is therefore subject to "specific" personal jurisdiction.

We also note that plaintiffs seek to pierce the corporate veil by establishing that INC is merely the alter ego of LTD. While we are somewhat skeptical of the chances for ultimate success given the difficulty of overcoming the corporate fiction, we cannot reject this basis of personal jurisdiction on the present record. Plaintiff has presented evidence of common officers and directors, sharing of technology and personnel, undercapitalization and financial subsidies, INC employees on LTD's payroll, and other factors. While LTD has a response to many of these points, and while no one factor can pierce the veil, the pic-

ture remains unclear at this point. This despite, or perhaps because of the small mountain of paper submitted thus far. Plaintiffs have at least raised an issue of fact on this aspect of personal jurisdiction.[1]

LTD's motion will therefore be denied and LTD will be required to file an Answer to the complaint. An appropriate order will be entered.

---

1. Defendants' reliance on *Lemar v. American Cyanimid,* No. 82–2817–M (W.D.Tenn., Aug. 21, 1986) is misplaced. That court's decision was based on plaintiff's failure to produce any evidentiary material. Absence of paper is not the problem here.