Christopher M. SNOWDEN, a Minor, By and Through His Natural Guardian and Next Friend, Teresa A. (Snowden) VICTOR, and the United States of America, Plaintiffs,

v.

CONNAUGHT LABORATORIES, INC., a Delaware Corporation, Connaught Laboratories, Ltd., a Canadian Corporation, Defendants.

No. 89–1341–K.

United States District Court, D. Kansas.

June 25, 1992.

Andrew W. Hutton, Michaud, Hutton & Bradshaw, Wichita, Kan., Ted Warshafsky, Warshafsky, Rotter, Tarnoff, Gesler, Reinhardt & Bloch, S.C., Milwaukee, Wis., for plaintiffs.

Thomas J. Lasater, Fleeson, Gooing, Coulson & Kitch, Wichita, Kan., James W. Connor, Jr., Jay B. White, Barkley, Rodolf, Silva, McCarthy & Rodolf, Tulsa, Okl., for defendants.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, Chief Judge.

This is a products liability action wherein the plaintiffs allege that Christopher Snowden, a minor, was injured as a result of a defective DPT (diptheria-pertussis-tetanus) vaccine. Plaintiffs assert that defendant Connaught Laboratories, Inc., a Delaware corporation, manufactured, sold and distributed the DPT vaccine. The defendant, Connaught Laboratories, Ltd., a Canadian corporation, has filed a motion for summary judgment based on lack of personal jurisdiction.

A hearing on the motion was held on June 15, 1992. The court now makes the following findings of fact and conclusions of law. For the reasons cited herein, the court grants Connaught Laboratories, Ltd.'s motion for summary judgment.

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for sum-

mary judgment, the court must resolve all disputed facts in favor of the party resisting summary judgment. *White v. General Motors Corp., Inc.,* 908 F.2d 669, 670 (10th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991). Summary judgment shall be denied if the moving party fails to demonstrate its entitlement beyond a reasonable doubt. *Norton v. Liddel,* 620 F.2d 1375, 1381 (10th Cir. 1980).

The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing of an essential element of the case to which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), *cert. denied,* 484 U.S. 1066, 108 S.Ct. 1028, 98 L.Ed.2d 992 (1988). In resisting a motion for summary judgment, the nonmoving party may not rely upon mere allegations, or denials, contained in its pleadings or briefs. Rather, the party must come forward with specific facts showing the presence of a genuine issue for trial. *Abercrombie v. City of Catoosa,* 896 F.2d 1228, 1230 (10th Cir. 1990). One of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex,* 477 U.S. at 323–24, 106 S.Ct. at 2552–53.

The depositions, affidavits, and documents filed with the motion for summary judgment and the accompanying briefs permit the following findings of undisputed facts.

On February 10, 1984, at the approximate age of 14 months, Christopher Snowden received a DPT vaccination at the Bassett Army Clinic, Fort Wainwright, Alaska. Sometime after receiving the DPT vaccination, physical injuries were observed in Snowden which plaintiffs contend were caused by a defective vaccine. Plaintiffs allege the DPT vaccine was manufactured and distributed by Connaught Laboratories, Inc. (CLI), a Delaware corporation. CLI has its principal place of business in Swiftwater, Pennsylvania and is a wholly-owned subsidiary of Connaught Laboratories, Ltd. (Ltd.), a Canadian corporation located in Toronto, Canada.

Although the alleged wrongful act occurred in Alaska, plaintiffs have brought this diversity action in Kansas, a state where CLI admittedly does business. Plaintiffs allege that Ltd. had direct control and supervision of, and stood in the position of *respondeat superior* to, CLI's sale and distribution of the DPT vaccine, and therefore is vicariously liable for CLI's alleged wrongful actions. Ltd. contends this court lacks personal jurisdiction over it because it did not manufacture any of the DPT vaccine administered to Snowden, it did not have any substantial contact with the State of Kansas, and it is a separate and distinct entity from CLI and cannot be held liable for CLI's acts based solely upon the parent-subsidiary relationship.

The jurisdictional issue presented is whether prosecution of the action against Ltd. in Kansas would be consistent with due process. Due process requirements are met when a nonresident corporation has had minimum contacts with the forum state such that maintenance of the action would not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940), *reh'g denied,* 312 U.S. 712, 61 S.Ct. 548, 85 L.Ed. 1143 (1941)).

General jurisdiction over a nonresident defendant requires "substantial" or "continuous and systematic" contacts with the forum state, even if the cause of action is unrelated to defendant's forum activities. *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984). When personal jurisdiction is controverted, the burden of proof is on the plaintiff to demonstrate jurisdiction is present. *Hoffman v. United Telecommunications, Inc.,* 575 F.Supp. 1463 (D.Kan.1983).

In the present action, plaintiffs have failed to present any facts which show substantial, continuous or systematic contacts by Ltd. with the State of Kansas. Rather, plaintiffs rely upon broad assertions that Ltd. has derived huge profits from the sale of DPT vaccine in the United States, and that its involvement in the research and marketing of DPT renders it responsible for any injuries caused by the vaccine. Ltd., on the other hand, has produced evidence that it has never directly marketed, distributed or sold the DPT vaccine in the State of Kansas and has no third party distribution network in the state for the DPT vaccine.

Plaintiffs have failed to address the issue of independent and unrelated contacts by Ltd. with the State of Kansas. In addition, plaintiffs have failed to show the requisite continuous and systematic contacts with the State of Kansas. Accordingly, the court must find it has no general jurisdiction over Ltd.

Limited jurisdiction may be exercised over a foreign corporation based on an evaluation of the nature and quality of defendant's contacts in relation to the claims for relief. *World–Wide Volkswagen Corporation v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980); *Cubbage v. Merchent*, 744 F.2d 665, 668 (9th Cir.1984), *cert. denied*, 470 U.S. 1005, 105 S.Ct. 1359, 84 L.Ed.2d 380 (1985). The defendant's conduct and connection with the forum state must be such that the defendant should reasonably anticipate being sued in that state. *World–Wide Volkswagen*, 444 U.S. at 297, 100 S.Ct. at 567; *Raffaele v. Compagnie Generale Maritime*, 707 F.2d 395, 398 (9th Cir.1983). In order to determine whether the quality and nature of the defendant's activity is sufficient to require it to conduct a defense in the forum state, the court must determine whether there is some act by which the defendant purposefully availed itself of the privilege of conducting activities within the forum state, thereby invoking the benefits and protections of its laws. *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958); *Hoffman*,

575 F.Supp. at 1470. In addition, the court must consider the inconvenience to the parties and the interest of the state in providing a forum for the action. *Kulko v. Superior Court*, 436 U.S. 84, 93, 98 S.Ct. 1690, 1697, 56 L.Ed.2d 132, *reh'g denied*, 438 U.S. 908, 98 S.Ct. 3127, 57 L.Ed.2d 1150 (1978); *Hoffman*, 575 F.Supp. at 1470.

The existence of a parent-subsidiary relationship is insufficient by itself to establish personal jurisdiction over a parent who does not conduct business within the state. *Transure, Inc. v. Marsh and McLennan Inc.*, 766 F.2d 1297, 1299 (9th Cir.1985). However, the nature of the intercorporation relationship may be highly probative of the quality and nature of the nonresident's contacts. *Hoffman*, 575 F.Supp. at 1471. Thus, the degree and direction of control exerted by one corporation over the other and the flow of benefits from the forum state are all relevant in determining the nature of the relationship. *Id.* at 1472.

In this case, it is not controverted that Ltd. owns all of the capital stock of CLI. Ltd. and CLI do not share identical officers and directors, although at least two officers are shared. There is no evidence that CLI is undercapitalized or that Ltd. pays the salaries, finances or losses of CLI. CLI maintains separate bank accounts, separate accounting and payroll systems, and separate budgets and financial records, and it files separate tax returns. In addition, the court points out that the alleged wrongful act occurred in Alaska. Thus, the State of Kansas' only interest in exercising jurisdiction is CLI's transaction of business in the state and the convenience to plaintiffs' counsel.

Plaintiffs' reliance on *Boychek v. Connaught Laboratories, Inc.*, 674 F.Supp. 514 (W.D.Pa., 1987) and *Hineline v. Connaught Laboratories, Inc.*, No. 88–6571, (D.Or., 1989), is misplaced. Therein, the district courts considered issues similar to those presented in the current action. In *Boychek*, the district court denied Connaught Laboratories' motion for summary judgment based on an alleged lack of personal jurisdiction. In *Boychek*, however,

the court was presented with evidence of common officers and directors, sharing of technology and personnel, undercapitalization and financial subsidies, Inc. employees on Ltd.'s payroll, and other factors. *Boychek*, 674 F.Supp. at 516. Although some of the same evidence was presented in this case, many of the factors were not supported by evidence. Thus, the court lacks the factual support presented in *Boychek* and in *Hineline*.

An agreement entered into between Ltd. and CLI provides that each shall be responsible for its share of research and development costs. The agreement also provides that Ltd. *may* provide financial, advisory and management services when required by CLI. Plaintiffs' contention that Ltd. and CLI have shared information and jointly researched and developed the DPT vaccine is not sufficient to pierce the corporate veil in light of the factors considered above.

Accordingly, this court finds that it lacks personal jurisdiction over Ltd. and thereby grants summary judgment in its favor.

IT IS THEREFORE ORDERED this 25th day of June, 1992, that defendant Connaught Laboratories, Ltd.'s motion for summary judgment (Dkt. No. 110) is hereby granted.