**UNITED STATES of America, Appellee,**

v.

**Ruben Victor DURAN, Sr., Appellant.**

**No. 88–5473.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 12, 1989.

Decided Sept. 21, 1989.

Ramon A. Roubideaux, Rapid City, S.D.,
for appellant.

Philip N. Hogen, Sioux Falls, S.D., for
appellee.

Before LAY and MARKEY,* Chief
Judges, and BEAM, Circuit Judge.

BEAM, Circuit Judge.

Ruben Victor Duran, Sr. appeals his con-
viction of one count of involuntary sodomy,
one count of carnal knowledge and two
counts of sexual abuse. We affirm.

I. Background

On August 12, 1988, Duran was found
guilty of one count of involuntary sodomy
in violation of 18 U.S.C. § 1153 (Supp. V

* The Honorable HOWARD T. MARKEY, Chief
Judge, United States Court of Appeals for the

Federal Circuit, sitting by designation.

1987), one count of carnal knowledge in violation of 18 U.S.C. §§ 1153 and 2032 (1982), and two counts of sexual abuse in violation of 18 U.S.C. §§ 1153 and 2242 (Supp. IV 1986). These charges arose from allegations made by two foster children who lived in the Duran household from 1984 until 1987. Both of the children, Blossom and Cinnamon, testified that Duran repeatedly forced them to engage in sexual acts with him during the time that they lived with the Duran family.

## II. Discussion

In this appeal, Duran challenges the district court's[1] ruling that any inquiries by Duran about the paternity of Blossom's child violated Fed.R.Evid. 412 and, therefore, would not be permitted. Duran asserts that the prosecution "opened the door" to this type of questioning during its direct examination of Blossom by asking her if she was the mother of a child. Duran contends that he then had the right to rebut an inference that Duran was the father of the child by establishing that it was fathered by another. By not allowing Duran to rebut the alleged inference, he claims that the court violated his sixth amendment right to confront the witnesses against him.

In its direct examination of Blossom, the government asked about the events surrounding the sexual abuse. The government began by asking Blossom how she and her half-sister, Cinnamon, came to live with the Duran family and how the sexual abuse began and progressed. The government continued with questions about how Blossom finally left the Duran household. In connection with this line of questioning,

the government asked Blossom, "Did there come a time in February of '87 that you had your baby, Rita?" Blossom responded, "Yes." Transcript at 28. Following the government's direct examination of Blossom and prior to defense counsel's cross-examination defense counsel and the prosecutor met with the judge in chambers to discuss the court's ruling on the government's earlier motion in limine concerning the application of Rule 412. At the conference, defense counsel challenged the application of Rule 412 to his proposed questioning of Blossom about the identity of the father of her baby. He argued that as a result of the direct examination, the government had left an inference with the jury that Duran was the father of the child. Counsel requested permission to ask Blossom to name the father of her baby. Defense counsel stated that he was confident that, if asked, Blossom would admit that Duran was not the father. The court ruled that such questioning was not allowed under Rule 412 because it was evidence of past sexual behavior.[2]

Rule 412(b) prevents the introduction of "evidence of a victim's past sexual behavior," unless the evidence fits within one of the three exceptions set forth in the Rule.[3] It is clear that the fact that Blossom had a child is evidence of past sexual behavior because the child was born several months prior to the time of the incident of sexual abuse of Blossom with which Duran was charged. The only exception by which this evidence may have been admissible is under Rule 412(b)(1) which allows the admission of evidence of past sexual behavior which is constitutionally required.[4] In or-

---

1. The Honorable Donald J. Porter, Chief Judge, United States District Court for the District of South Dakota.

2. Although we believe that the ruling of the district court was correct, under the situation presented by this particular case, a single question about the identity of the father, which identity was apparently not in dispute, would not have been unfairly prejudicial to the victim. Although the existence and the parentage of the child were private matters, the record indicates that Blossom and the father of the child were, at the time of trial, living together as husband and wife.

3. Reputation or opinion evidence of past sexual behavior is totally precluded under Rule 412(a). Such evidence was not sought or proffered in this matter.

4. Duran also argues that the evidence of Blossom's pregnancy is admissible under subsection (b)(2)(A) of Rule 412 as evidence of the source of injury. However, this court has recognized that pregnancy is not included within this exception. *United States v. Shaw*, 824 F.2d 601, 607 (8th Cir.1987), *cert. denied*, 484 U.S. 1068, 108 S.Ct. 1033, 98 L.Ed.2d 997 (1988).

der to offer evidence under this exception a defendant is required to follow the procedures set forth in Rule 412(c) which mandates that a motion be made 15 days before the start of trial. Duran did not make such a motion. However, he claims that such a motion was not necessary in this instance because the government opened the door during the trial by asking Blossom about her baby. As indicated, Duran contends that this unexpected exchange left an inference in the minds of the jury that Duran may have been the father of the child, thereby, increasing Blossom's credibility about the events in question.

We find that under these narrow circumstances the district court was correct in not allowing Duran to further investigate the paternity of Blossom's child. Duran had the opportunity to keep this information out, and preserve his rights under the confrontation clause, by objecting to the question or by seeking a mistrial at the time that the government made the inquiry. Duran declined to do so and, thus, lost the opportunity to challenge the admissibility of Blossom's statement. 23 C. Wright & K. Graham, *Federal Practice and Procedure* § 5387 at 577 (1980). "[T]he remedy of the defense is to object when the victim [makes a statement about her past sexual behavior]; [he] may not use the prosecution's violation of Rule 412 as an excuse for further inquiry into the victim's past sexual behavior." *Federal Practice and Procedure* § 5386 at 562 (citing *Hearing Before the Subcomm. on Criminal Justice of the House Comm. on the Judiciary*, 94th Cong., 2d Sess. 17 (1976)). In *Government of Virgin Islands v. Jacobs*, 634 F.Supp. 933, 938 (D.V.I.1986), the court allowed the accused in a rape trial to cross-examine the victim on her statement that she had been a virgin prior to the charged rape. The court did so because it believed that such evidence went to the credibility of the victim. The district court was concerned that since the veracity of the victim in a rape trial is vital to the outcome of the trial, to prevent the accused from adducing evidence of the victim's credibility would violate the accused's rights under the sixth amendment. In this case, however, there was no contention by Duran that Blossom was lying about the birth of the baby; he did not intend to offer evidence to contradict Blossom's statement. Rather, Duran wanted to offer evidence to amplify her statement by having her declare that he was not the father of the child.

Furthermore, it appears that Duran did not object to the question because he wanted and expected, contrary to Rule 412, to get into evidence the fact that Blossom had a child fathered by another, which child was conceived during the time that Duran was purportedly abusing her sexually. In his opening statement, Duran's attorney stated that the evidence would show that "during the year 1986 the [sic] Blossom became acquainted with a boy that she had a baby from and she eventually went to live with him as man and wife." Transcript at 13. Additionally, after the court reminded defense counsel that it wanted both counsel to go out of the courtroom to consider the admissability of any testimony of a sexual nature in light of Rule 412, before any such questions were asked, defense counsel replied that he was definitely going to ask questions which may fall within the prohibitions of Rule 412. Counsel later inquired of the court whether the court's instruction included evidence of Blossom's child, to which the court responded in the affirmative. Transcript at 15. From this it is clear that defense counsel intended to offer into evidence the fact that Blossom had a child, but without consideration of the requirements of Rule 412.

The fact that Blossom had given birth to a child was irrelevant to the guilt or innocence of Duran under the specific charge set forth in the indictment. The charged incident took place approximately six months after the birth of the child. Thus, it appears that defense counsel wanted to reveal that Blossom had been a participant in past sexual relations with another, which acts were substantively unrelated to the charged event. This is exactly the type of evidence that Rule 412 was designed to preclude.

As a result, we find that the district court's ruling did not violate Duran's rights

under the sixth amendment. We additionally note that Duran was convicted of only one count of sexual abuse involving Blossom. The remaining counts involved Cinnamon. And, these convictions are not under attack in this appeal. Therefore, even if we were to reverse the conviction involving Blossom, it would not materially affect Duran's incarceration because he is serving four concurrent sentences, the longest of which is twenty years, and such sentence was imposed for the sexual abuse of Cinnamon.

### III. Conclusion

We have carefully considered Duran's other assignments of error and from our extensive review of the record, we find them to be without merit. For the foregoing reasons the decision of the district court is affirmed.