**UNITED STATES of America, Appellee,**

v.

**Janice Rene CONEY, Appellant.**

**No. 94–3524.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 14, 1995.

Decided March 31, 1995.

trial court improperly refused to admit as evidence a report by a defense investigator of statements made by a friend of Ms. Coney during the investigator's interview with that friend. The friend herself was unavailable at the time of trial, having been hospitalized for pancreatitis. We affirm the trial court.[1]

## I.

Ms. Coney offered the statement under Fed.R.Evid. 804(b)(5). That rule allows the admission of a statement by a declarant unavailable at the time of trial if that statement has "circumstantial guarantees of trustworthiness," "is offered as evidence of a material fact," and "is more probative on the point for which it is offered than any other evidence which the [offering party] can procure through reasonable efforts," and if "the general purposes of [the rules of evidence] and the interests of justice will best be served by admission of the statement into evidence." *Id.* Such a statement, however, "may not be admitted ... unless the [offering party] makes known to the adverse party sufficiently in advance of the trial ... to provide the adverse party with a fair opportunity to prepare to meet it, the [offering party's] intention to offer the statement and the particulars of it." *Id. See also* Fed.R.Evid. 803(24).

We review a trial court's rulings on such questions for an abuse of discretion. *See, e.g., Stokes v. Omaha,* 23 F.3d 1362, 1366–67 (8th Cir.1994). "An abuse of discretion occurs when a relevant factor that should have been given significant weight is not considered, when an irrelevant or improper factor is considered and given significant weight, or when all proper and no improper factors are considered, but the court in weighing those factors commits a clear error of judgment." *United States v. Kramer,* 827 F.2d 1174, 1179 (8th Cir.1987).

We have read the trial transcript. Ms. Coney offered the statement during the trial, only 45 minutes before she wanted to

Virginia Villa, Federal Public Defender, Minneapolis, MN, for appellant.

D. Gerald Wilhelm, Asst. U.S. Atty., Minneapolis, MN, for appellee.

Before MAGILL, Circuit Judge, HEANEY, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Janice Coney was indicted on one count of cashing a social security disability check with a forged endorsement. *See* 18 U.S.C. § 510(a)(2). After a three-day trial in mid–1994, a jury convicted her of that charge. She appeals her conviction, arguing that the

1. The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota.

introduce it. The government objected to the introduction of the statement, asserting lack of notice. While also expressing concern about the trustworthiness of the statement, the trial court excluded the statement because of the lack of sufficient notice to the government. We see no abuse of discretion in that decision by the trial court.

The government indicated that it would not object if Ms. Coney requested a continuance so that her friend could be called to testify in person after release from the hospital. Ms. Coney rested her case, however, without asking for a continuance on that ground and, in fact, stated explicitly that she would not request such a continuance. In those circumstances, we see neither an abuse of discretion nor plain error in the trial court's failure to order a continuance *sua sponte. See, e.g., United States v. Kandiel,* 865 F.2d 967, 971 (8th Cir.1989), and *United States v. Steffen,* 641 F.2d 591, 595 (8th Cir. 1981), *cert. denied,* 452 U.S. 943, 101 S.Ct. 3091, 69 L.Ed.2d 959 (1981).

## II.

For the reasons stated, we affirm Ms. Coney's conviction.