# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2412

_____

Patrick Clark,                *
                                    *

        Appellant,       *
                                    *   Appeal from the United States

      v.                 *   District Court for the
                                    *   District of Nebraska.

Steven Martinez,        *
                                    *

        Appellee.       *

_____

Submitted: February 11, 2002

Filed: July 2, 2002

_____

Before BOWMAN, RICHARD S. ARNOLD, and WOLLMAN, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Patrick Clark brought suit in the District Court[1] alleging that Omaha, Nebraska, Police Officer Stephen Martinez violated 42 U.S.C. § 1983 by using excessive force in Clark's arrest and also committed the intentional torts of assault and battery under Nebraska law. The jury found for the officer on all three claims, and the District Court entered judgment in his favor. Clark appeals, and he argues that the District

_____

[1]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

Court erred by excluding evidence of another bad act the officer allegedly committed. Clark also argues that the District Court erred by giving the jury an instruction on self-defense with respect to his assault and battery claims. We affirm.

I.

In the early morning hours of November 19, 1997, Officer Martinez was investigating possible illegal narcotic activity at an apartment in an Omaha housing complex. He was about to search for evidence of narcotics with his service flashlight in a trash bag outside the apartment when he heard a door open and turned to see two men leaving the apartment. One of them was Clark, an African-American male. Martinez watched as the two men ran and hid while a marked Omaha police cruiser drove down the street past where they had been standing. The officer decided to question them. He testified at trial that as he approached them he said, "Omaha police officer, stop, I want to talk to you." Tr. at 181.

Both men immediately ran, and the officer began chasing them. Clark's companion stopped after he had run a few feet, but Clark continued running. Martinez testified that he yelled to Clark several times, "Omaha police officer, stop." Tr. at 185. After chasing Clark for two to three minutes, the officer finally caught up to Clark when he rounded the corner of a building. Clark's claims before the District Court revolve around what happened next.

Martinez testified that when he caught up to Clark, he grabbed Clark from behind to handcuff him. Clark flung his elbow at the officer but missed. The two came face to face, then Clark struck Martinez in the face with a closed fist, shocking and surprising him. Almost immediately, Clark struck the officer a second, identical blow in the face. As Martinez began to lose his balance and stumble backward, he intentionally swung his service flashlight, which he still carried in his hand, at Clark. It struck a glancing blow off the left side of Clark's head, but Clark still came at him.

-2-

The officer intentionally struck a second, more solid blow to Clark's head. The blow stopped Clark momentarily, but he once again came towards Martinez. The officer outmaneuvered Clark, threw him to the ground, and radioed for urgent assistance. Another officer arrived almost immediately, and together the two handcuffed Clark.

Clark testified, in contrast, that after he ran from Martinez for two to three minutes, Clark rounded the corner of a building, put his hands up, and faced the building's wall. As the officer came up from behind, he grabbed Clark's left hand as though he were about to handcuff him. Instead, the officer shoved him against the building and struck two quick blows to Clark's head with his flashlight. Clark "blanked out," tr. at 86, and when he came to, he was already on the ground. The two officers quickly handcuffed Clark, and he put up no resistance.

Several months later, Clark filed a prisoner's pro se complaint in the District Court alleging that Martinez infringed his Fourth Amendment rights, and thus violated 42 U.S.C. § 1983, by using excessive force in making the arrest. In addition, the case has proceeded on the assumption Clark also has raised state-law assault and battery claims.[2]

## II.

We begin by considering Clark's claim that the District Court erred when it excluded evidence of another bad act Martinez allegedly committed. We review a district court's ruling excluding evidence for an abuse of discretion. See Gen. Elec. Co. v. Joiner, 522 U.S. 136, 141 (1997). Absent an abuse of discretion, this Court

---

[2]Clark's pro se complaint did not clearly or unambiguously plead Nebraska state-law causes of action for either assault or battery. But the claims were tried to the jury without objection, and the jury found in Martinez's favor on these claims as well as on the excessive-force claim.

-3-

will not substitute its judgment for the judgment of the district court. <u>Sparks v. Shelter Life Ins. Co.</u>, 838 F.2d 987, 991 (8th Cir. 1988).

At an admissibility hearing, Clark proffered the testimony of Raymond Jones, an African-American male. Martinez had moved in limine to exclude Jones's testimony on the grounds that it was irrelevant to Clark's claims and that it violated the prohibition against using evidence of a person's past acts or wrongs to show he acted in the same manner in the instance in question, <u>see</u> Fed. R. Evid. 404(b) (character evidence). Essentially, Jones's proffered testimony was that in 1998, his girlfriend telephoned the Omaha police to report a domestic disturbance. Jones was outside his residence when Martinez and another officer arrived. Allegedly without provocation or legal justification, the officers knocked or threw Jones to the ground, beat him, and called him vulgar and racist names. After the officers handcuffed him, Jones said, they broke both of his wrists by yanking him to his feet without warning.

After considering Jones's proffered testimony, the District Court observed that it did not find the evidence relevant to Clark's claims. The court's ultimate decision to exclude the evidence, however, was based on the conclusion that any probative value the evidence might have was substantially outweighed by the danger it presented of causing unfair prejudice, confusing the issues, and misleading the jury. In the court's view, stripped of all "semantic[] camouflage," Clark's offer was simply an impermissible attempt to show that Martinez had a propensity to use excessive force. Tr. at 129. The District Court granted Martinez's motion and excluded Jones's testimony.

The heart of Clark's argument is that Jones's testimony should have been admitted under Federal Rule of Evidence 404(b)[3] because it was relevant to the intent

---

[3]Federal Rule of Evidence 404(b) states, in pertinent part:

elements of his Nebraska assault and battery claims.[4]  Given the fact that Martinez's intent to strike Clark was never in dispute, however, Clark's argument fails to persuade us that the District Court abused its broad discretion by excluding Jones's testimony.  Although an issue for which an item of evidence is offered as proof need not be in dispute for the item to be admissible, Old Chief v. United States, 519 U.S. 172, 179 (1997) (citing Fed. R. Evid. 401 advisory committee notes), the probative value of an item of evidence is calculated with respect to the other evidence available to prove the same point, id. at 184; see also Fed. R. Evid. 404 advisory committee note to subd. (b) (1972 Proposed Rules).  On cross-examination, the officer freely admitted that he struck Clark intentionally.[5]  During the admissibility hearing, the

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

[4]As a preliminary matter, we reject Clark's argument that the District Court was bound to make the same decision regarding the admissibility of Jones's testimony as would a Nebraska state court applying Nebraska Rule of Evidence 404(2), Neb. Rev. Stat. § 27-404(2) (1995 Reissue).  In general, "[f]ederal courts are not bound by state law" when determining the admissibility of evidence.  Sprynczynatyk v. Gen. Motors Corp., 771 F.2d 1112, 1122 (8th Cir. 1985), cert. denied, 475 U.S. 1046 (1986).  Questions of the relevance and admissibility of evidence are questions of federal law.  Id.; Adams v. Fuqua Indus., Inc, 820 F.2d 271, 273 (8th Cir. 1987).  Thus, neither this Court nor the District Court is bound by the Nebraska state courts' interpretation of their own rules of evidence on this question.

We also note that Clark initially argued before the District Court that Jones's testimony was relevant to Clark's 42 U.S.C. § 1983 excessive-force claim and to the issue of punitive damages.  Clark has not, however, pursued these arguments on appeal.

[5]Clark's counsel asked Martinez on cross-examination:

-5-

District Court stated that there was "no question" that Martinez struck Clark in the head or that the act was intentional. The District Court noted that the officer made no claim that he struck Clark accidentally or by mistake. Clark does not dispute the court's observations, and we find nothing in the record to contradict them. In these circumstances, the District Court did not abuse its broad discretion by excluding the evidence as proof of Martinez's intent to strike Clark.

Even though Clark argues that he offered the excluded evidence to prove intent, his most cogent and forceful characterization of the evidence strongly suggests that he offered it to prove that the officer had a propensity to assault and batter African-American males in his custody.[6] If credited by the jury, the evidence might tend to show that Martinez's actions were motivated by hostility against African-Americans, but hostile motive is not an element of either assault or battery under Nebraska Law. See Westcott v. City of Omaha, 901 F.2d 1486, 1488-89 (8th Cir. 1990) (rejecting contention that hostile motive is an element of battery under Nebraska law); Bergman v. Anderson, 411 N.W.2d 336, 339 (Neb. 1987) (explaining that in order to prove intent for torts of assault and battery, the plaintiff need show only "that the defendant intended to physically injure or contact another or intended

---

Q.    When you swung your flashlight at Patrick, did you intend to strike him?
A.    Yes.
Q.    Did you intend to strike him in the head?
A.    I intended to – I don't know that I necessarily intended to strike him in the head, but I think that was the only available target, so, yes.

Tr. at 225.

[6]Clark asserts in his brief that "[e]vidence that Officer Martinez had assaulted and battered [a male] African-American under his custody without provocation or apparent reason would tend to show that the injuries suffered by [Clark] were not the product of efforts to arrest him, but were intentionally inflicted." Appellant's Brief at 12.

to cause apprehension that such physical injury or contact is imminent"). We therefore agree with the District Court that the excluded evidence is not relevant to prove the point for which Clark claims he offered it, and the court therefore did not abuse its discretion in excluding it on this ground.[7]

Moreover, even if the excluded evidence were somehow legally relevant, in order to be admissible under Rule 404(b) it must also pass Rule 403's balancing test.[8] United States v. Hill, 249 F.3d 707, 710 (8th Cir. 2001). The District Court concluded that the danger of unfair prejudice, confusion of the issues, and misleading the jury substantially outweighed the evidence's probative value. On this record, the District Court was well within its discretion in so concluding.[9]

_____

[7]Clark argues in his brief that the District Court did not even consider the relevance of Jones's proffered testimony before deciding to exclude it. We disagree, but in any event, we may affirm a district court's judgment on any ground supported by the record, even if that ground was not relied on by the district court. Land v. Washington County, Minn., 243 F.3d 1093, 1095-96 (8th Cir. 2001).

[8]Federal Rule of Evidence 403 states:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . .

Fed. R. Evid. 403.

[9]During the admissibility hearing, the District Court rejected Clark's suggestion that it should admit the evidence and give the jury a cautionary instruction to cure any danger of unfair prejudice, confusion of the issues, and misleading the jury. Clark contends this was error. We disagree. Given the marginal relevance, if any, of Jones's proffered testimony, together with the fact that it appears to be nothing but propensity evidence barred by Rule 404(b), we cannot say the District Court abused its broad discretion by declining to admit this evidence with a cautionary instruction.

Based on both Rule 404(b) and Rule 403 considerations, we are satisfied the District Court did not abuse its discretion by excluding Jones's proffered testimony.

## III.

Clark also claims that the District Court erred by permitting the Federal Rule of Civil Procedure 16(e) pretrial order and Martinez's answer to be amended after the close of all evidence to conform to the evidence of self-defense that was presented at trial and by giving the jury an instruction on self-defense. We review a district court's decision to grant or refuse amendments to conform the pleadings to the evidence for an abuse of discretion. See Corsica Livestock Sales, Inc. v. Sumitomo Bank of Cal., 726 F.2d 374, 377 (8th Cir. 1983). Similarly, we review for an abuse of discretion a district court's selection of instructions for the jury and reverse for instructional error only if the error affected the substantial rights of the parties. Kim v. Nash Finch Co., 123 F.3d 1046, 1057 (8th Cir. 1997).

At the jury instruction conference following the close of all evidence, Martinez requested that the instructions incorporate self-defense as an affirmative defense to Clark's assault and battery claims. Clark objected that neither the pretrial order nor the officer's answer included this affirmative defense. Clark also claimed that the instruction would inject a new issue into the trial, one that was not supported by the evidence and was not argued at trial.

The District Court acknowledged that Martinez's answer did not expressly assert self-defense but concluded that the language of the pretrial order did encompass self-defense. The court also concluded that both parties had contributed to bringing evidence of self-defense into the trial. The court thus amended the pretrial order to clarify that it included self-defense, allowed the officer to amend his answer to assert the defense, and included a self-defense instruction as part of both the assault instruction and the battery instruction.

Assuming that the District Court's construction of the pretrial order to encompass self-defense was in error, the court did not abuse its discretion when it allowed the pleadings and the pretrial order to be amended to conform to the evidence of self-defense presented at trial. A party generally waives an affirmative defense if it fails to assert the defense in its responsive pleadings. See Myers v. John Deere Ltd., 683 F.2d 270, 273 (8th Cir. 1982); see also Fed. R. Civ. P. 8(c). Further, "a party may be barred from advancing theories that are not identified in the pretrial order." Papio Keno Club, Inc. v. City of Papillion (In re Papio Keno Club, Inc.), 262 F.3d 725, 729 (8th Cir. 2001); see also Fed. R. Civ. P. 16(e). Nevertheless, Federal Rule of Civil Procedure 15(b) provides that issues actually tried without objection are effectively incorporated into the pleadings. A party's consent to trying a claim may be implied, and the pleadings presumed amended, "if evidence to support the claim was introduced at trial without objection." Shen v. Leo A. Daly Co., 222 F.3d 472, 479 (8th Cir. 2000); Gallon v. Lloyd-Thomas Co., 264 F.2d 821, 823 (8th Cir. 1959). Similarly, when an issue is tried by consent, it becomes of little moment whether it was encompassed in the pretrial order. See Papio Keno Club, 262 F.3d at 729.

Although Martinez did not expressly state at trial that he hit Clark "in self-defense," his testimony necessarily raises self-defense by clear implication. He testified, for example, that the first time he hit Clark with the flashlight, Clark had already struck him in the face twice with a closed fist. The second time he hit Clark with the flashlight, he did so, he testified, because Clark was still coming towards him, and he was afraid. Clark did not object to this testimony. Further, at least as early as opening statements, Martinez put Clark on notice that the officer would be relying on a self-defense theory. Martinez's trial counsel repeatedly referred to the officer's need to defend himself. She made similar remarks during her closing argument. Clark failed to object in either instance. In his own opening statement, Clark's counsel forecast to the jury that Martinez would probably argue both that Clark had initiated the physical violence and that the officer had found it "necessary"

to hit Clark "in order to subdue him to place him under arrest." Tr. at 30. In these circumstances, we find no merit to Clark's contention that self-defense first came into the trial when the District Court instructed the jury. Because the issue was squarely in the trial from the beginning, the District Court's decision to instruct the jury on self-defense was proper. Further, we conclude that the District Court did not abuse its discretion by permitting the pleadings to be conformed to the evidence of self-defense. Cf. Mason v. Hunter, 534 F.2d 822, 825 (8th Cir. 1976) (concluding that the defendant's failure to plead an affirmative defense did not make it error for court to enter judgment for the defendant on that defense where evidence proving it had been admitted without objection); Farm Bureau Co-op. Mill & Supply, Inc. v. Blue Star Foods, Inc., 238 F.2d 326, 332-33 (8th Cir. 1956) (same).

Clark further argues that the District Court's decision to amend the pleadings and the pretrial order and instruct the jury on self-defense unfairly prejudiced him. He claims he was not afforded an opportunity to rebut the self-defense theory because he was not on notice that self-defense was at issue until after the case was submitted. Given the record on appeal, however, we cannot agree that Clark was unaware of Martinez's self-defense theory before the close of evidence. First, Martinez admitted during cross-examination by Clark's counsel that he struck Clark twice with the flashlight. He also admitted that he did so intentionally. At no point did the officer deny either fact. Moreover, it was undisputed that the contact was offensive and injurious to Clark. In other words, Martinez either admitted or did not dispute each element of Clark's assault and battery claims. It should therefore have been obvious to Clark that Martinez's defense against the two state-law tort claims was based on a theory of lawful arrest and use of such force as was reasonable in the circumstances to effect the arrest and to defend the officer against Clark's violent resistance. Second, when Clark objected to the self-defense instruction during the instruction conference, the District Court offered him an opportunity (which he declined) to recall the officer and reexamine him. The court's offer eliminated the unfairness of any prejudice Clark may have suffered as a result of, he claims, having cross-

-10-

examined the officer before receiving notice of the self-defense theory.  See Mason, 534 F.2d at 825 ("[T]he rights of plaintiff to a fair trial free from surprise were not violated.  Plaintiff knew of the issue and in a limited sense by implication consented.").

In sum, the District Court did not abuse its discretion by amending the pleadings and the pretrial order to conform to the evidence presented at trial on Martinez's self-defense theory or by instructing the jury on self-defense.

V.

For the foregoing reasons, we affirm the judgment of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.