# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3246

_____

United States of America,

          Appellee,

v.

Roger Rogelio Salcedo,

          Appellant.

\* Appeal from the United States
\* District Court for the
\* Western District of Missouri.

_____

Submitted: January 14, 2004

Filed: March 4, 2004

_____

Before BYE, SMITH, and COLLOTON, Circuit Judges.

_____

BYE, Circuit Judge.

A jury convicted Roger Salcedo of conspiring to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and the district court[1] sentenced him to 240 months imprisonment. Salcedo appeals contending the district court abused its discretion by admitting into evidence a

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

statement Salcedo made to law enforcement prior to his arrest, where the government had purportedly indicated in a pretrial conference it did not intend to rely upon any of Mr. Salcedo's statements.  We affirm.

On October 28, 2002, several Drug Enforcement Administration (DEA) agents were conducting surveillance on Salcedo and four other individuals in Kansas City, Kansas.  At the time the officers moved in to make their arrests, Salcedo was walking out of a garage stall at an apartment complex.  Inside the stall was a cardboard box, which one of Salcedo's companions had placed in the garage, later found to contain eleven kilogram-sized bundles of cocaine packaged for distribution.  When an agent asked Salcedo what was going on, Salcedo said he was changing oil on the car parked in the garage.  The officers observed the hood and trunk of the car had been raised, but found no oil changing equipment.  They did find, however, evidence suggesting Salcedo was in the process of hiding the cocaine in the car:  the carpeting inside the trunk had been pulled away exposing the natural voids of the trunk, Salcedo had small plastic nuts and rivets inside his right-front coat pocket which were identical to ones found in the trunk, and a DEA fingerprint specialist found Salcedo's fingerprint on one of the eleven cocaine bundles.  After being arrested and informed of his Miranda rights, Salcedo chose not to give a formal statement.

Salcedo, along with the four other individuals, was indicted for conspiracy to distribute more than five kilograms of cocaine.  During a pretrial scheduling conference the Honorable John T. Maughmer asked the parties, "Are there statements from the defendants?"  The government prosecutor replied there were statements by Salcedo's four co-defendants.

During her opening statement at trial, the prosecutor referred to Salcedo's statement about changing the oil on the car parked in the garage. Defense counsel did not object. In his opening statement, defense counsel claimed Salcedo was "changing the lights" on the car when the DEA agents showed up.  At the conclusion of the

prosecutor's opening statement, defense counsel asked for a bench conference and told the court he understood the government "was not going to use any statement of Mr. Salcedo." The AUSA explained she planned to introduce the oral oil change statement, a statement which appeared in the agent's report the government had disclosed to the defense. Defense counsel told the court "[j]ust so the record is clear, I am aware of the statements. I just did not think they were going to rely upon the statements." The district court ruled that since Salcedo was not claiming surprise, the government was entitled to elicit the oil change statement from the DEA agent. During trial, the agent testified Salcedo claimed he was changing the oil when confronted, and had not said anything about fixing the lights on his car.

The jury returned a guilty verdict, and Salcedo filed a motion for new trial based on the government's use of the oil change statement. The district court denied the motion, and this appeal followed.

II

Where, as here, a challenge to the admission of evidence is preserved for appellate review, this court reviews for an abuse of discretion. United States v. Whitetail, 956 F.2d 857, 861 (8th Cir. 1992). The admissibility of evidence lies within the sound discretion of the trial judge, and rulings on the admission of evidence will not be disturbed on appeal absent an abuse of that discretion. United States v. Weddell, 890 F.2d 106, 107 (8th Cir. 1989).

Salcedo contends he prepared for trial and developed his theory of defense on the assumption, derived from the pretrial scheduling conference, that the government did not intend to use as evidence any of Salcedo's statements to law enforcement. Salcedo avers the government's change of position prejudiced his ability to defend himself at trial.

-3-

The government response to the magistrate's question "are there statements" had nothing to do with Salcedo's oil change statement, but rather inquired as to the existence of post-arrest, post-<u>Miranda</u> statements which might be subject to a motion to suppress. The government notes this interpretation of the magistrate's question and the government's response thereto is supported by the fact the other co-defendants' "statements" to which the AUSA referred when questioned by the magistrate could arguably have been subject to motions to suppress. By contrast, the prosecution did not possess or intend to introduce any post-<u>Miranda</u> statements that Salcedo made to investigators.

We find Salcedo did not reasonably construe the government's response regarding "any statements" as a guarantee the government would not use the oil change statement at trial. As Salcedo concedes, the government disclosed the existence of the statement. There is no indication the government attempted to unfairly surprise Salcedo, nor is there any indication Salcedo was unfairly surprised.

Even assuming, arguendo, Salcedo was reasonable in interpreting the government's comments during the scheduling conference to mean it would not use the oil change statement at trial, to prevail on appeal Salcedo would still have to establish he suffered prejudicial error through the admission of this statement. <u>See</u> <u>Spillers v. Housewright</u>, 692 F.2d 524, 526 (8th Cir. 1982). We find Salcedo cannot establish such prejudice.

Although the admission of the oil change statement demonstrated Salcedo's willingness to lie, which was damaging to his case, the evidence against him was very strong. The evidence showed Salcedo and his four co-defendants were part of a larger conspiracy to transport eleven kilos of cocaine. Salcedo's conviction rested upon not only the incriminating testimony of one of his co-defendants, but also on the direct observations of the DEA agents who observed Salcedo working on the vehicle, his possession of nuts and rivets from the trunk, forensic testimony which showed his

fingerprints upon on one of the cocaine bundles, and upon strong circumstantial evidence. Further, neither exculpatory claim – that of changing the oil or changing the taillight – is persuasive. There were no tools, equipment, or parts present for changing either.

For these reasons, we affirm the judgment and conviction.

_____