# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2544

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District of |
| Charles Blue Bird, | * | South Dakota. |
| | * | |
| Appellant. | * | |

_____

Submitted: February 10, 2004
Filed: June 23, 2004

_____

Before MORRIS SHEPPARD ARNOLD, HANSEN, and SMITH, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

After a jury convicted Charles Blue Bird of the sexual abuse of a minor under 18 U.S.C. § 2243(a), he appealed. Because we find that the district court erred in admitting evidence to which Mr. Blue Bird objected, and that the error was not harmless, we reverse his conviction.

## I.

It is undisputed that Mr. Blue Bird, who was nineteen years old at the time, had consensual sexual intercourse with the minor in this case, who was thirteen years old. Mr. Blue Bird is an Indian and the encounter at issue in this case took place in Indian

Country, giving jurisdiction to the federal courts. *See* 18 U.S.C. § 1153. Under 18 U.S.C. § 2243(c)(1), a defendant's good faith belief that a minor with whom he or she had sexual intercourse had attained the age of sixteen is an affirmative defense. Mr. Blue Bird maintained that he had such a reasonable belief and testified that the minor had told him that she was seventeen years old. The minor denied telling Mr. Blue Bird her age. Mr. Blue Bird's defense was the only material issue at trial.

Mr. Blue Bird raises several evidentiary issues. He challenges the admissibility of the testimony of two witnesses who stated that Mr. Blue Bird had had sexually suggestive encounters with them when they were minors. He maintains that it was error to admit testimony from the prosecuting witness that she was a virgin when she had sexual intercourse with Mr. Blue Bird. Third, he objects to the introduction into evidence of the minor's panties, which were covered with menstrual blood.

II.

There is some confusion in our cases on the proper standard of review with respect to evidentiary issues. We have sometimes said that in reviewing a district court's admission of evidence we review for an abuse of discretion. *See, e.g., United States v. Salcedo*, 360 F.3d 807, 809 (8th Cir. 2004). Strictly speaking, however, this is not correct. Some rules require a balancing of how particular evidence might affect the jury, and we properly accord deference to the trial judge on such questions. *See, e.g.,* Fed. R. Evid. 403. But a district court's interpretation and application of most rules of evidence are matters of law. Of course, an error of law can always be characterized as "an abuse of discretion," *United States v. Weiland*, 284 F.3d 878, 882 (8th Cir. 2002), but our review in cases like the present one is more accurately characterized as *de novo*.

At trial, B.H. testified that when she was seven years old Mr. Blue Bird stayed for a time in her house, and she awoke one night to see him standing in the doorway of her bedroom. She also testified that when she was fourteen years old,

Mr. Blue Bird approached her while she was sleeping on a couch: She stated that he held her hand, rubbed her stomach, pushed her t-shirt up to just below her breasts, kissed her, and said, "Let's do it." When B.H. indicated that she was not interested, she testified that Mr. Blue Bird desisted. The government called another witness, S.T., who testified that when she was seven years old, Mr. Blue Bird, who was staying at her house, came into her bedroom, kissed her, and attempted to get under her bed covers. According to S.T., Mr. Blue Bird left when she told him that she was not interested. She also recounted an incident that occurred when she was thirteen years old: An intoxicated Mr. Blue Bird, she said, came into her room, attempted to take his pants off, and passed out on top of her. Mr. Blue Bird denied that any of these incidents took place.

Federal Rule of Evidence 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Evidence of "other crimes, wrongs, or acts" may, however, be introduced to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake." *See* Fed. R. Evid. 404(b). In addition, in 1994 Congress enacted a special rule of evidence for criminal cases involving certain sexual offenses, including the crime for which Mr. Blue Bird was being tried here. Ultimately codified as Federal Rule of Evidence 413, it states that in such cases "evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant." Fed. R. Evid. 413(a). We have previously stated that this rule supersedes Rule 404's prohibition against character evidence, allowing testimony of prior bad acts in sexual assault cases, provided that it is relevant. *See United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997); *see also* Fed. R. Evid. 401. Evidence admissible under both the exceptions in Rule 404(b) and under Rule 413 remains subject to Rule 403, which requires weighing the probative value of the evidence against the danger of unfair prejudice that its admission might create. *See Clark v. Martinez*, 295 F.3d 809, 814 (8th Cir. 2002); *United States v. Mound*,

149 F.3d 799, 801-02 (8th Cir. 1998), *cert. denied*, 525 U.S. 1089 (1999). The district judge ruled that the testimony of B.H. and S.T. was admissible under both Rules 404(b) and 413 and was not precluded by Rule 403.

We turn first to Rule 413. This rule makes admissible conduct that is proscribed by chapter 109A of Title 18 of the United States Code, as well as other conduct not relevant here. *See* Fed. R. Evid. 413(d). Thus, in order for the testimony of B.H. and S.T. to be admissible under Rule 413, the acts that they testified to must fit into one of the offenses in that chapter. Chapter 109A forbids both "sexual acts" and "sexual contact" with a minor, as well as attempts to do either of these things. *See* 18 U.S.C. §§ 2241(c), 2243(a), 2244(a)(1), (a)(3). A "sexual act" consists of vaginal, anal, or oral sex, as well as touching the genitalia of another for various purposes, including sexual gratification. *See* 18 U.S.C. § 2246(2). "Sexual contact" consists of the intentional touching (directly or through clothing) of the genitalia, anus, groin, breast, inner thigh, or buttocks of another for various purposes, including sexual gratification. *See* 18 U.S.C. § 2246(3).

Both B.H. and S.T. testified that Mr. Blue Bird never touched them in any of the areas prohibited under chapter 109A. The government, however, argues that Mr. Blue Bird's actions nevertheless constituted attempts to commit sexual acts and engage in sexual contact. Our research has not revealed any Eighth Circuit cases directly addressing these sorts of issues. But our cases have frequently adopted the Model Penal Code's approach to the law of attempt, under which there must be an intent to commit the predicate crime and a "substantial step" toward its commission. *See United States v. Joyce*, 693 F.2d 838, 841 (8th Cir. 1982); *see also* Model Penal Code § 5.01 (1985). Looking to the opinions of other courts that use a similar approach to the law of attempt and that have addressed the crime of attempted statutory rape, we conclude as a matter of law that most of the occurrences testified to by B.H. and S.T. were neither attempted "sexual acts" nor attempts to engage in "sexual contact."

Generally, courts have held that mere solicitation and fully clothed but sexually suggestive acts are insufficient to constitute attempted "sexual acts" or statutory rape. In *United States v. Hayward*, 359 F.3d 631 (3d Cir. 2004), the Third Circuit considered the question of what constituted an attempted "sexual act" with a minor under § 2243(a). The defendant in that case was lying on a bed with an underage girl. He repeatedly pushed her head toward his fully-clothed penis. The court ruled that this conduct did not constitute a "substantial step" toward oral sex and was therefore not an attempted "sexual act." *Hayward*, 359 F.3d at 640. In *State v. Bates*, 70 S.W.3d 532, 536-37 (Mo. Ct. App. 2002), the court held that repeatedly sending a minor sexually explicit letters soliciting sex from her and attempting to make arrangements to meet her did not constitute attempted statutory rape. In that case, a prison inmate exacted promises from a minor girl who frequently visited him that they would have sex upon his impending release from prison. *See id.* at 533, 535-37. Cases apparently suggesting a more relaxed standard have generally involved so-called "cybermolestors" who solicit sex with "minors" in internet chat rooms, only to discover that the "minors" are law enforcement officers. In those cases, however, the convictions were upheld because the defendant had engaged in substantial travel or the like to meet his victim. *See, e.g., Kirwan v. State*, 96 S.W.3d 724, 728-31, 351 Ark. 603, 610-15 (2003).

B.H. recounted that Mr. Blue Bird stood in the doorway of her bedroom. We have little difficulty concluding that such conduct cannot constitute an attempted "sexual act" or an attempt to engage in "sexual contact." The other incident that B.H. testified about likewise does not constitute an attempt. Admittedly, she said that Mr. Blue Bird touched and kissed her, but none of this activity falls under the statutory definition of "sexual contact," and the fact that he desisted and withdrew when she said that she was not interested, indicates that Mr. Blue Bird at most merely solicited some kind of sexual contact. Without some more substantial step, we hold that this conduct cannot constitute an attempted "sexual act" or an attempt to engage in "sexual contact." We come to the same conclusion as to S.T.'s allegation that

Mr. Blue Bird made sexual overtures to her and attempted to get under her covers. Again, none of the acts allegedly taken by Mr. Blue Bird constituted "sexual contact" or a "sexual act," and he withdrew when S.T. indicated that she was not interested.

We think that S.T.'s testimony that when she was thirteen years old an intoxicated Mr. Blue Bird tried to take his pants off and passed out on her raises a more difficult issue. We conclude, however, that this testimony could constitute evidence of an attempted sexual act or attempted sexual contact, and thus it was properly admitted. Rule 413 allows propensity evidence, "[e]vidence of other crimes ... to prove the character of a person in order to show action in conformity therewith." *Cf.* Fed. R. Evid. 404(b). Evidence of a previous attempt could lead to a valid inference about Mr. Blue Bird's testimony. If he has a propensity to seek sex with minors, then he may have been seeking sex with a minor in this case. If so, then the minor's trial testimony that Mr. Blue Bird did not make any inquiries to insure that she was above the age of consent might be deemed to be more reliable. But it is important to note that this inference depends on the propriety of the initial inference of propensity, an inference that is normally impermissible and is allowed in this case only because of the narrowly drawn exception of Rule 413.

We turn next to the question of whether the testimony of B.H. and S.T. is admissible under Rule 404(b). The government contends that this testimony tends to show an absence of mistake on the part of Mr. Blue Bird, but we simply do not believe that this evidence is probative on that question. Evidence of some prior sexual encounter with the alleged victim here in which Mr. Blue Bird was clearly aware of her age would be probative on the question of whether he was mistaken in the encounter at issue in his trial, and presumably evidence of such a prior "wrong" would be admissible under Rule 404(b). None of the events testified to by B.H. and S.T., however, involved the minor in this case. One might be able to draw inferences about Mr. Blue Bird's testimony by first drawing an inference that in this case he was acting on the propensity to have sex with minors evidenced by his prior bad acts, but

such inferences are specifically excluded by the language of Rule 404(b). In any case, any probative value that such testimony might have is outweighed by the unfair prejudice created by the introduction of such inherently inflammatory evidence. *See* Fed. R. Evid. 403. It is important to bear in mind that while we have said that the inflammatory potential inherent in the sexual nature of prior sexual bad acts cannot be considered in the case of evidence admissible under Rule 413, *see LeCompte*, 131 F.3d at 769-70, no such Congressional choice limits the scope of Rule 403 balancing for evidence otherwise admissible under Rule 404(b).

The mere fact that some of the evidence against Mr. Blue Bird should not have been admitted does not, of course, entitle him to a new trial. He must also show prejudice. "An evidentiary error, such as this one, is harmless if, after reviewing the entire record, we determine that the substantial rights of the defendant were unaffected, and that the error did not influence or had only a slight influence on the verdict." *United States v. Carroll*, 207 F.3d 465, 470 (8th Cir. 2000), *cert. denied*, 531 U.S. 849 (2000). As we have already mentioned, most of the facts in this case were undisputed. We think that the outcome of the trial turned largely on whether the jury believed Mr. Blue Bird's assertion that prior to intercourse he and the minor had had a conversation about her age, or the minor's testimony that no such conversation took place. It is of considerable importance here that the inadmissible evidence constituted a substantial portion of the testimony presented at trial. In a case where the defendant's credibility was decisively at issue, we cannot say that the wholesale admission of evidence attacking his character had no effect on the jury's verdict. The fact that the evidence of Mr. Blue Bird's drunken encounter with S.T. was properly admitted under Rule 413, admittedly makes the harmlessness matter more difficult. We cannot conclude, however, that the persuasive power of this single bad act was so great that the improper admission of the other bad acts "had only a slight influence on the verdict." Indeed, we think that it is likely that the testimony regarding the three other bad acts may have improperly magnified the significance of the properly

admitted Rule 413 testimony in the minds of the jurors. The error here was not harmless.

### III.

Should the government choose to retry Mr. Blue Bird, the issue of the admissibility of the victim's virginity and her blood-soaked panties may recur, so we address those questions now.

During direct examination of the minor in this case, the government elicited testimony that she was a virgin when she had sexual intercourse with Mr. Blue Bird. We note first that evidence of the prosecuting witness's virginity was irrelevant to the case. The witness's sexual proclivities were not at issue, and the government has failed to provide a convincing argument for how any legally relevant inferences could be drawn from her virginity. The testimony did not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." *Cf.* Fed. R. Evid. 401. In addition to the fact that irrelevant evidence is not admissible, Fed. R. Evid. 402, allowing the government to suggest that Mr. Blue Bird somehow "robbed" the prosecuting witness of her virginity is unduly prejudicial given the fact that it was not probative on any relevant issue, *see* Fed. R. Evid. 403.

Furthermore, testimony of the prosecuting witness's virginity is inadmissible under Federal Rule of Evidence 412. That rule prohibits the introduction of evidence of an alleged victim's prior sexual conduct in a sex offense case except in narrowly defined circumstances. *See* Fed. R. Evid. 412. The minor's testimony clearly does not fall into any of these categories. The text of the rule itself does not limit the prohibition on introducing such evidence to the defendant, and we do not believe that the government is exempted from its strictures. One of the purposes of the rule is to encourage the victims of sexual crimes to come forward, free from the fear that their sexual history will be gratuitously exposed in court. This policy would be

undermined if the government were free to produce such evidence.  We also believe that the prohibition on evidence of "sexual behavior" includes chaste sexual behavior. *Cf. Government of the Virgin Islands v. Jacobs*, 634 F. Supp. 933, 937 (D.V.I. 1986). If the defendant in such a case is prohibited from playing on the potential prejudices of a jury by introducing evidence of the alleged victim's promiscuity, the government should also be forbidden to play on potential prejudices by introducing evidence of the alleged victim's chastity.  *Cf. United States v. Duran*, 886 F.2d 167, 169 (8th Cir. 1989).

At trial, the government also introduced the minor's panties into evidence. They were covered with menstrual blood and also had dried semen on them. Mr. Blue Bird contends that because the panties were irrelevant under Rule 401 and unduly prejudicial under Rule 403 we should overturn the district court's ruling on this issue.  We disagree.

The issue of Mr. Blue Bird's belief about the defendant's age was hotly contested.  The panties had pictures of Winnie the Pooh on them, and the minor testified that Mr. Blue Bird took them off.  A jury could therefore have inferred that Mr. Blue Bird saw the panties and that the juvenile figures on them could have alerted him to the possibility that the prosecuting witness was a minor.  The panties, in other words, could have rendered less plausible Mr. Blue Bird's contention that he reasonably believed that the prosecuting witness was over sixteen years old.  The panties may be weak evidence, but in the context of this case we cannot say that they were entirely without probative value.

Mr. Blue Bird contends that the blood on the panties rendered the evidence unduly prejudicial.  The jury, however, was informed that the blood was menstrual, and none of the testimony from Mr. Blue Bird or the minor indicated that the encounter between the two of them was in any way violent.  Given the absence of any

context that might reinforce improper inferences, we cannot say that the mere presence of menstrual blood without more was unduly prejudicial to Mr. Blue Bird.

## IV.

For the reasons given, we reverse the conviction and remand the case for proceedings not inconsistent with this opinion.

HANSEN, Circuit Judge, concurring in part, dissenting in part, and concurring in the judgment.

Although I agree in toto with the court's substantive legal analysis and the conclusions that it reaches, I write separately to note my disagreement with the standard of review that the majority adopts for the first time in this case. In holding that a district court's application of most rules of evidence is reviewed de novo, the majority disregards a long line of cases from this circuit which holds that such determinations are reviewed only for an abuse of discretion. See, e.g., United States v. Manfre, 368 F.3d 832, 837 (8th Cir. 2004) (Rule 801(d)(2)(E)); United States v. Evans, 272 F.3d 1069, 1094 (8th Cir. 2001) (Rule 702 reliability and relevance), cert. denied, 535 U.S. 1029, and cert. denied, 535 U.S. 1072, and cert. denied, 535 U.S. 1087, and cert. denied, 537 U.S. 857 (2002); United States v. Bryson, 110 F.3d 575, 583 (8th Cir. 1997) (Rule 404(b)); United States v. Coney, 51 F.3d 164, 165 (8th Cir. 1995) (Rule 804(b)(5)); United States v. Johnson, 28 F.3d 1487, 1498-99 (8th Cir. 1994) (Rules 404(b), 801, and 803), cert. denied, 513 U.S. 1098, and cert. denied, 513 U.S. 1195 (1995); United States v. Kristiansen, 901 F.2d 1463, 1465 (8th Cir. 1990) (Rule 704(b)); United States v. Lewis, 759 F.2d 1316, 1328 (8th Cir.) (Rules 401, 402, and 403), cert. denied, 474 U.S. 994 (1985). Although I agree with the majority that we have never squarely addressed the proper scope of review with respect to evidentiary issues that involve both an interpretation of the Federal Rules of Evidence and an application of the rules to the facts of a case, I would not abandon

our discretionary standard of review as to the trial judge's application of the rules in such cases.

Generally, we review matters of law <u>de novo</u>. Therefore, to the extent that a district court's admission of evidence involves a legal interpretation of the Federal Rules of Evidence, our standard of review is plenary and <u>de novo</u>. <u>Cf.</u> <u>United States v. Weiland</u>, 284 F.3d 878, 882 (8th Cir. 2002) (stating that an error of law can always be characterized as "an abuse of discretion"). Once we determine that the district court properly interpreted the rules, however, we extend greater deference in reviewing the court's ultimate decision to admit or exclude the evidence, principally because that decision can involve the careful balancing of competing factors. Thus, when the decision to admit or exclude the evidence involves only the application of a given rule of evidence to particular facts or a judgment call about such things as relevancy under Rule 401 or prejudice under Rule 403, we review solely for an abuse of discretion, <u>see</u> <u>Lewis</u>, 759 F.2d at 1328. <u>Accord</u> <u>Blake v. Pellegrino</u>, 329 F.3d 43, 46 (1st Cir. 2003); <u>United States v. McHorse</u>, 179 F.3d 889, 897-98 (10th Cir.), <u>cert. denied</u>, 528 U.S. 944 (1999); <u>United States v. Pelullo</u>, 964 F.2d 193, 199 (3d Cir. 1992).

I respectfully dissent because I believe the court's opinion fails to follow established Eighth Circuit precedent.

_____