COLLOTON, Circuit Judge,
concurring.
I concur in the opinion of the court, but believe that clarification is warranted regarding our standard of review. The court says that we review the application of the abstention doctrine of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), for “abuse of discretion.” Ante, at 893. The annals include several cases saying the same thing, all of which trace back to a decision that did not say it. See Warmus v. Melahn, 62 F.3d 252, 255 (8th Cir.1995) (citing Yamaha Motor Corp. v. Riney, 21 F.3d 793, 798 (8th Cir.1994), for the proposition), vacated on other grounds, 517 U.S. 1241, 116 S.Ct. 2493, 135 L.Ed.2d 187 (1996).
The Supreme Court has been clear that where Younger applies, “there is no discretion to grant injunctive relief.” Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 816 n. 22, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); cf. Samuels v. Mackell, 401 U.S. 66, 73, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971) (discussing authority to grant declaratory relief). In reviewing the district court’s decision to abstain from exercising jurisdiction over Plouffe’s complaint for injunctive relief, therefore, we are not evaluating an exercise of discretion. We are considering a question of law.
An error of law can always be characterized as “an abuse of discretion,” see United States v. Blue Bird, 372 F.3d 989, 991 (8th Cir.2004), so it is technically not incorrect to say that we check in Younger cases to make sure there is no such abuse. But the issue is more accurately described as a *895 legal matter that we review de novo, and that is how our prior panel decisions (despite their fealty to the Warmus language) have treated it. In the interest of avoiding confusion and improving clarity, it would behoove us to say so directly. Accord Village of DePue v. Exxon Mobil Corp., 537 F.3d 775, 782 (7th Cir.2008); Diamond “D” Constr. Corp. v. McGowan, 282 F.3d 191, 197-98 (2d Cir.2002); Roe No. 2 v. Ogden, 253 F.3d 1225, 1232 (10th Cir.2001); Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 637 (1st Cir.1996); Fieger v. Thomas, 74 F.3d 740, 743 (6th Cir.1996); Fresh Int’l Corp. v. Agric. Labor Relations Bd., 805 F.2d 1353, 1356 & n. 2 (9th Cir.1986); see also Nivens v. Gilchrist, 319 F.3d 151, 153 (4th Cir.2003) (reviewing for “abuse of discretion,” but noting that “an error of law constitutes an abuse of discretion”).