Williams' Lessee v. Burnet.

---

## WILLIAMS' LESSEE v. BURNET.

Ejectment—intruders—presumptions—paper title—adverse possession—statute
of limitations—right of entry—nonsuit—inference—Cincinnati proprietor's
sales book—seal to wills.

Mere intruders are not allowed, against a clear paper title, to rest upon mere
presumption of adverse possession.

A plaintiff in ejectment must show a right to possession before he can recover;
but proof of *legal title* is prima facie evidence of a right to enter and enjoy,
and such presumption must be rebutted by the person who sets up the ad-
verse possession.

The legal title draws to it the right to enter and enjoy.

The act of limitation in ejectment in Ohio bars the *right of entry*.

A non suit will not be ordered where there is any evidence tending to prove
the plaintiff's case.

A jury may *infer* one fact from another fact proven.

The sales-book of the proprietors of Cincinnati is evidence in early sales.

No seal is required to a will since the 24th December, 1824.

EJECTMENT to recover lot No. 209, in Cincinnati.   The plaintiff
gave in evidence the following title papers:

1. A deed from J. C. Symmes to William Freeman, dated 11
June, 1798.

2. Deed, Freeman to Sam'l Williams, dated 12 June, 1798.

3. Deed from the heirs of S. Williams to the plaintiff, date, 27
October, 1830.

He proved by parol the death of S. Williams, the heirship of the
grantors of the plaintiff, and the possession of the defendant.   This
done, he rested his case.

*V. Worthington,* for the defendant, moved for a non suit, on the
ground that the plaintiff had shown no possession nor right of
entry, within 20 years before suit brought.   He cited 1 *Bur.* 119; 6
*Pet. 2d part; Stark. Ev.* 506; 1 *Saund. on Pl. & Ev.* 554; 8 *Cowen*
615, 17; 3 *Wash. C. C.* 498; 7 *Wheat.* 51; 9 *Wheat.* 515; 3 *O.* 237.

*Fox* and *Caswell,* contra, cited 5 *Pet.* 355; 3 *Wash. C. C.* 479; 6
*Sergt. & R.* 23.

*N. Wright,* for defendant, replied.

BY THE COURT.   Mere intruders are not allowed to rest upon
presumption of adverse possession, against a clear paper title.   The

Williams' Lessee *v.* Burnet.

*plaintiff is bound to show a right of possession before he can [54 recover. But proof of *legal title* is prima facie evidence of a right to enter and enjoy; for the fee includes that right. This presumption must be rebutted by him who sets up an adverse claim, whether under the statute of limitations or otherwise. In England, and in some of the states, the statute of limitations bars only the action of ejectment, and leaves the title to be investigated in the writ of right, in which seizure in deed is necessary to a recovery. Our statute bars the right. The claim of protection, under the statute, in ejectment, is presumptive, and rests upon the hypothesis that the plaintiffs having a legal right, have been kept out of possession by adverse possession, and that that possession has continued 20 years. The proof in this case, showing the origin of the title, negatives the presumption.

A non suit will not be ordered where there is *any* evidence tending to prove the plaintiff's case, and it is well settled, that from one fact *proven,* or admitted, you may infer another. Here it is proven that the defendant was in possession three years ago. The jury may infer that it did not begin before, and so negative the presumption of its having continued 20 years adverse. This may also be *inferred* from the recent settlement of the country; particularly as the *legal* title draws to, and carries with it, the right of possession; *Holt's heirs v. Hemphill;* 3 *O.* 237. The motion for a non suit is overruled.

The defendant then proved from the sales-book of the proprietors of Cincinnati, an entry of the sale of lot 209 to Jacob Burnet, and marked on the margin opposite, "*Deeded.*" Also a deed from Symmes to him, dated 21st May, 1803, and evidence that he had been exercising ownership over the lot for twenty-eight years and more; had paid the taxes since 1803 down to 1832, and that no one knew of any other claim until just before this suit was brought. He then offered in evidence a will of Samuel Williams, dated 25th November, 1825, in which, after some specific devises, he devised *all the residue of his estate to his wife.* Probate was made of this will in 1825, and no contest had been entered.

This was objected to, but upon the suggestion of the court, a verdict was taken, subject to its opinion on the law.

*Fox* and *Caswell* contended that the will was inadmissible in evidence, because it had *no seal,* which was requisite, to pass real estate, and cited the act requiring seals, of the 11th February, 1805.

WRIGHT J. If the will is operative, it is conclusive in favor of the defendant in this suit. The law requiring *seals to wills,* intended

Scott v. Renforth.

55] *to pass real estate, was repealed on the 22d December, 1824; 23 O. L. 16; and no seal to a will, for any purpose, has been required since that time. The objection to the will then upon that ground fails. This opinion does away the necessity of examining the other points in the case.

The verdict and judgment were entered for the defendant.